UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOESEA RANSBURG,
*individually on behalf of all
those similarly situated,*

    Plaintiff,

v.

DIRECT GENERAL INSURANCE
COMPANY D/B/A DIRECT AUTO
INSURANCE,

    Defendant.
_____/

Class Action

CASE NO.: 2022-CA-011382-O

JURY TRIAL DEMANDED

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Direct General Insurance Company d/b/a Direct Auto Insurance ("Direct Auto"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, hereby notices its removal of the above-titled action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-CA-011382-O (the "State Court Action") to the United States District Court for the Middle District of Florida, Orlando Division.

**I.   FACTUAL ALLEGATIONS**

1. Joesea Ransburg ("Plaintiff") alleges that she received electronic "communications", as defined by Fla. Stat. § 559.55(d), from Direct Auto from June 2022 to December 2022 pertaining to the collection of a consumer debt between the hours of

1

9:00 PM and 8:00 AM without her prior consent, in violation of § 559.72(17) of the Florida Consumer Collection Practices Act ("FCCPA"). *See* Compl. ¶¶ 8, 12, 14, 71.

2. Plaintiff further alleges that Direct Auto "has sent thousands electronic mail communication to Florida consumers between 9:00 PM and 8:00 AM, whereby such electronic mail communication(s) violate 559.72(17)." *Id.* at ¶ 61.

3. Plaintiff filed her Complaint in the State Court Action on December 16, 2022 as a putative class action on behalf of herself and an unknown number of Florida residents asserting a single claim under the FCCPA.

4. Plaintiff seeks statutory damages and injunctive relief, plus attorneys' fees and costs, on behalf of herself and a putative class. *Id.* at ¶ 72

5. The Complaint names Direct Auto as the sole defendant, and Direct Auto has not yet responded.

6. Pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Direct Auto has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

7. In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Direct Auto is giving written notice to the Plaintiff and to the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida of its filing of this Notice of Removal.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

8. On December 20, 2022, Direct Auto was served with the Summons and the Complaint. The Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

9. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida is located in the Middle District of Florida, Orlando Division. *See* 28 U.S.C. § 1441(a); *see also* L.R. 1.04(a) ("The Middle District comprises these divisions and these counties: . . . Orlando Division . . . Orange County.").

10. As per 28 U.S.C. § 1446(a) and L.R. 1.06(b), true and correct copies of all process, pleadings, and orders served upon Direct Auto, as well as a copy of each paper docketed in the State Court Action are attached hereto.

## III. THIS COURT HAS JURISDICTION UNDER THE CAFA

11. Under the CAFA, this Court has diversity jurisdiction over this putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Direct Auto; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006) (summarizing CAFA removal requirements); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (same).

12. The Complaint seeks to certify a class under Florida Rule of Civil Procedure, Rule 1.220. *See* Compl. ¶ 1.

### A.   The Putative Class Size Exceeds 100

13.   According to the CAFA, the proposed class must consist of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5).

14.   Plaintiff seeks to bring this action on behalf of herself and on behalf of the putative "Class" defined as:

> [1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

*Id.* at ¶ 58.

15.   That numerical requirement is met here.  While Plaintiff does not identify the number of putative class members in her Complaint, Plaintiff alleges that the putative "[c]lass members number in the several thousands, if not more."  *Id.* at ¶ 60.  Plaintiff further alleges that Direct Auto has "sent thousands electronic mail communications to Florida consumers . . . [t]he members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable."  *Id.* at ¶ 61.

16.   Accordingly, this matter satisfies CAFA's requirement that the putative class size exceed 100.

### B.   There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

17.   Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2).

18.   The Complaint alleges that "Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida."  *Id.* at ¶ 5.

19. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

20. The Complaint alleges that Direct Auto "is a/an Tennessee Corporation, with its principal place of business located in Winston-Salem, North Carolina." Compl. ¶ 6. As alleged, Direct Auto is a citizen of Tennessee and North Carolina.

21. Plaintiff is a citizen of a different state from Direct Auto. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The $5 Million Dollar Amount in Controversy Requirement is Met

22. For CAFA jurisdiction, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

23. As the United States Supreme Court has held, "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (stating the defendant must show that it is "more likely than not" that the jurisdictional requirement is met).

24. To that end, a removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka*, 608 F.3d at 755. In analyzing the amount in controversy, the court may rely on the extrinsic evidence introduced by the defendant, "as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness*, 745 F.3d at 1315; *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating that the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted). Thus, to carry its burden, the removing defendant merely needs to show that the potential damages *could* exceed the jurisdictional amount. *Pretka*, 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

25. Here, based upon Plaintiff's allegations and theories (which Direct Auto disputes, but which control for removal purposes), Direct Auto plausibly alleges that the $5 million CAFA amount in controversy requirement is satisfied.

26. Here, Plaintiff alleges that the aggregate damages sustained by members of the Class are in the millions of dollars

27. Plaintiff seeks "statutory damages pursuant to Fla. Stat. § 559.77(2)" for itself and the putative class.

28. Plaintiff alleges that Direct Auto allegedly sent thousands of electronic communications to thousands of potential class members. *See* Compl. ¶ 60–61.

29. Based on Plaintiff's allegations that the damages are in the "millions of dollars" and the potential for statutory damages for violation of the FCCPA, the amount in controversy exceeds $5 million dollars.

30. Further, Plaintiff has requested an award of "attorneys' fees and costs, including expert fees, pursuant to Fla. Stat. § 559.77(2)" for itself and the putative class. Compl. ¶ 72. Although Defendant disputes whether Plaintiff or the putative class is entitled to any such award, and dispute application of the statute as a matter of fact or law, for purposes of removal, the Court is also permitted to account for the amount of attorneys' fees (which may be available under the FCCPA) in determining the amount in controversy. *See, e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (stating that courts may also factor in possible attorneys' fee awards, where permitted by statute or contract, when determining the amount in controversy for removal purposes); *Sheffield Woods at Wellington Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (finding amount in controversy met, in part based upon plaintiff's claim for fees pursuant to Florida statute); *see also Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (same).

31. Plaintiff seeks declaratory and injunctive relief in the Complaint by making the following requests: (a) an order declaring that Defendant's conduct and/or practices violated Fla. Stat. § 559.72(17), and (2) an order "[e]njoining defendant from future violations of Fla. Stat. § 559.72(17) with respect to Plaintiff and the FCCPA Class." Compl. ¶ 72. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's

7

67973376;1

perspective," or "the monetary value [that] would accrue to the class plaintiffs upon issuance of the prospective injunction [and/or declaration]." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). Conversely, the value of declaratory or injunctive relief is also the losses that result from not obtaining the requested relief. *See Buck v. Gallagher*, 307 U.S. 95, 100 (1939). Thus, Plaintiff's request for injunctive relief increases the amount-in-controversy here.

32. Accordingly, the total amount of alleged damages exceeds CAFA's $5,000,000 jurisdictional threshold.[1]

### D. The Exceptions to the CAFA Do Not Apply

33. CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(4)(A)–(B) and 28 U.S.C. § 1332(d)(3).

34. Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant. *See* 28 U.S.C. § 1332(d)(4)(A)–(B) (noting that mandatory abstention requires either: (1) "significant relief" to be sought from an in-state defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (noting that the discretionary abstention requires the "primary defendant" be an in-state one).

---

[1] Direct Auto does not concede (and disputes) that Plaintiff can properly certify a class under Rule 23 or that Plaintiff is entitled to recover any damages, nor is it required to do so for present purposes.

35. Here, Direct Auto is the only defendant, and it is not an in-state defendant. *See* ¶ 18 *supra*; *see also* 28 U.S.C. § 1332(c)(1); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception.").

36. The exceptions to the CAFA are not applicable to this matter.

37. Accordingly, because Direct Auto has demonstrated that all prerequisites for CAFA jurisdiction have been met, and none of the exceptions apply, this matter is properly removable.

## IV. **PRESERVATION OF RIGHTS**

38. By virtue of this Notice of Removal and the Notice filed in the State Court Action, Direct Auto does not waive its rights to assert and expressly reserves all defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions, including but not limited to, Rule 12 motions, motions to compel arbitration, or both, and all those other defense and motions otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

## V. **CONCLUSION**

39. Based on the foregoing, Direct Auto respectfully requests that this Court assume full jurisdiction over this action.

Dated:  January 19, 2023
                        Respectfully submitted,

                                              AKERMAN LLP

                                              By: *s/ Donnie M. King*
                                              MICHAEL C. MARSH
Florida Bar No. 072796
Primary Email: michael.marsh@akerman.com
Secondary Email: lauren.chang-williams@akerman.com
DONNIE M. KING
Florida Bar No. 101386
Primary Email: donnie.king@akerman.com
Secondary Email: tyresa.thompson@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 463-2700
Fax: (954) 463-2224

*Attorneys for Direct General Insurance Company*

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.  I also certify that a true and correct copy of the foregoing was served this day via electronic mail to Plaintiff's counsel of record as follows:

Jibrael S. Hindi, Esquire
Jennifer G. Simil, Esquire
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Ste. 1744
Fort Lauderdale, FL 33301
Email:  jibrael@jibraellaw.com
Email:  jen@jibraellaw.com

*Counsel for Plaintiff*

                                                                   s/Donnie M. King